ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 1 8 2004

LUTHER D. THOMAS, Clerk
By: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LINDSEY BULLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | |
| ) | NO. 1:04-CV-2407 |
| MEDIA PLAY, INC.; MRA ) | |
| HOLDING, LLC; and MANTRA ) | |
| FILMS, INC., ) | -JEC |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 and 1441

Defendants MRA Holding, LLC ("MRA") and Mantra Films, Inc. ("Mantra") hereby file this Notice of Removal Pursuant to 28 U.S.C. §§ 1332 and 1441 as follows:

1. MRA and Mantra are defendants in a civil action commenced by the Plaintiff Lindsey Bullard on July 7, 2004, Civil Action No. 2004CV88037 in the Superior Court of Fulton County, Georgia (the "State Court Action"). Pursuant to Sections 1441 and 1446 of Title 28 of the United States Code, MRA and Mantra remove this case to the United States District Court for the Northern District of Georgia, Atlanta Division.

FORMS RECEIVED
Consent to US Mag. ____
Pretrial Instructions ✓
Title VII NTC ____

2. Removal of this action is appropriate under 28 U.S.C. § 1332 as the amount in controversy in this proceeding exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Therefore, the Court has subject matter jurisdiction over this matter. Specifically, pursuant to 28 U.S.C. § 1332(c), Mantra is a citizen of the States of California, in which its principal place of business is located, and Oklahoma, where it was incorporated. MRA is a California limited liability company, whose sole member is Mantra. Therefore, MRA is also a citizen of California and Oklahoma. As alleged in her Complaint filed in the State Court Action, Plaintiff is a resident of Fulton County, Georgia, which is her domicile, and therefore she is a citizen of the State of Georgia.

3. Defendant Media Play, Inc. ("Media Play") is a citizen of the States of Delaware, where it was incorporated, and Minnesota, in which its principal place of business is located. Media Play has not been served in the State Court Action and need not join in this Notice of Removal. White v. Bombardier Corp., 313 F. Supp. 2d 1295 (N.D. Fla. 2004) citing Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999). In any event, if and when Media Play is served, counsel for MRA and Mantra will also serve as counsel for Media Play.

4. As alleged in the Complaint in the State Court Action, the amount in controversy exceeds $75,000, exclusive of interest and costs. In paragraph 37 of

2

the Complaint, Plaintiff alleges that "the defendants netted millions of dollars of sales and gross profits on the above-mentioned tapes." Plaintiff seeks disgorgement of these alleged profits. (Complaint, Prayer, ¶ D.)

5.  This Court therefore has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. § 1332, and removal of the action to this Court is proper pursuant to 28 U.S.C. § 1441.

6.  This Notice of Removal is timely under 28 U.S.C. § 1446(b) because MRA and Mantra were served with a copy of the Summons and Complaint in the State Court Action on July 21, 2004. As required by 28 U.S.C. 1446, a copy of all process and pleadings in the State Court Action is attached hereto as Exhibit A.

7.  Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal will be promptly filed with the Clerk of the Fulton County Superior Court.

This 18th day of August, 2004.

J. SCOTT CARR
Georgia Bar No. 111892
NICOLE L. DAY
Georgia Bar No. 213893

Attorneys for Defendants MRA Holding, LLC and Mantra Films, Inc.

3

WARGO & FRENCH LLP
1170 Peachtree Street, N. E.
Suite 2020
Atlanta, Georgia 30309
(404) 853-1500
(404) 853-1501 (facsimile)

*Served by Process Server 10:30AM on REG*

*Mantra Films copy*

**RECEIVED**
JUL 2 1 2004
~~RON GUTTMAN~~

SUMMONS
_____

**IN THE ~~SUPERIOR~~/STATE COURT OF** Fulton **COUNTY**
**STATE OF GEORGIA**

Lindsey Bullard
_____

_____
PLAINTIFF

CIVIL ACTION
NUMBER _____

VS.

Media Play, Inc,
MRA Holdings, LLC, and
Mantra Films, Inc,
_____
DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

BANKS & RIEDEL
1301 Shiloh Rd.
Suite 1820
Kennesaw, GA 30144

an answer to the complaint which is herewith served you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __7__ day of __July__, 20__04__

Clerk of Superior/State Court

BY _____Gleb_____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

ARCO IDEAS & DESIGN • 770-386-2799

TRAN: 1 COPY
SERVED 10:30A
ON REG

FILED IN OFFICE
JUL 0 7 2004
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

RECEIVED
JUL 2 1 2004
[signature] GUTTMAN

# IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

LINDSEY BULLARD,

    Plaintiff,

vs.                              Civil Action No. 2004CV88037

MEDIA PLAY, INC.,
MRA HOLDING, LLC, and
MANTRA FILMS, INC.

    Defendants.

_____/

## COMPLAINT FOR EXPLOITATION OF CHILD AND APPROPRIATION OF LIKENESS FOR COMMERCIAL PURPOSES

COMES NOW, LINDSEY BULLARD, plaintiff in the above-styled action, by and through counsel, and files her complaint:

1.

LINDSEY BULLARD, plaintiff, is a resident of Fulton County and is subject to the jurisdiction of this Court.

2.

MEDIA PLAY, INC., defendant, is a foreign profit corporation, whose resident agent for service of process is CT Corporation System, located at 1201 Peachtree Street, N.E., Atlanta, Georgia 30361, in Fulton County, Georgia.

Thus, this court has jurisdiction and venue over this defendant pursuant to O.C.G.A. § 9-11-12.

3.

Defendant MRA HOLDING, LLC's principal address is 1601 Cloverfield Boulevard, Suite 420 South, Santa Monica, California 90404. Its agent for service of process is Joseph R. Francis, also at 1601 Cloverfield Boulevard, Suite 420.

Defendant MANTRA FILMS, INC.'s mailing address is 1601 Cloverfield Boulevard, Suite 420 South, Santa Monica, California 90404. Their agent for service of process if Joseph R. Francis at the same address. Jurisdiction is founded under the Georgia Long Arm Statute, O.C.G.A. § 9-11-93.

4.

The actions, tortious acts, omissions, and injuries occurred in the State of Georgia. All of the defendants sell their product, which is videotapes of girls for the purpose of sexual gratification. The videotapes are sold in the State of Georgia by the defendants. Therefore, the majority of the acts complained of herein occurred in the State of Georgia and thus defendants MRA HOLDINGS, LLC and MANTRA FILMS, INC. are subject to Georgia jurisdiction under the Georgia Long Arm Statute, O.C.G.A. § 9-10-93.

5.

Venue in Fulton County is proper because defendant MEDIA PLAY, INC., has its registered agent for service of process in Fulton County, Georgia, and it conducts business in Fulton County, Georgia.

## FACTS COMMON TO ALL COUNTS

6.

MEDIA PLAY is an organization with retail and internet outlets that sell, among other things, videotapes and DVDs.

7.

Defendants MRA HOLDING, LLC, and MRA FILMS, INCORPORATED, are companies in the business of producing and distributing videotapes and DVDs containing nudity and content of a sexual nature of young girls. The tapes are marketed under the name, *Girls Gone Wild*, comprised of various volumes and editions.

8.

The defendants, MRA HOLDING, LLC, and MANTRA FILMS, INC., are the brainchild and creation of Joseph Francis.

9.

Joseph Francis has built MRA HOLDING and its related entities into a multi-million dollar business. He, by and through his agents, employees, and

entities, entices, persuades, and/or coerces young girls into bearing their breasts, being photographed at various stages of nudity. Many of the girls who are photographed and filmed are under 18 years of age. The filming and photography of the young women are edited and compiled into videos and DVDs that are sold under the name of Girls Gone Wild. Defendant MEDIA PLAY realizes a substantial amount of profits from selling the Girls Gone Wild videotapes.

10.

Upon information and belief, Joseph Francis, owner of the Defendant companies and several of his employees were arrested by the Panama City Police Department and/or the Bay County Sheriff's Office, on or about late March or early April, 2003. They coerced four under-aged girls to accompany Francis and his confederates to a motel room, whereupon they photographed and videotaped the girls showering together and masturbating. They were paid for their performance. Joseph Francis, owner of *Girls Gone Wild*, then offered the under-aged girls $50.00 to touch him sexually. They refused, and he allegedly forced them to touch him. Upon information and belief, these charges against Joseph Francis are still pending.

11.

Defendants MRA HOLDINGS and MANTRA FILMS, INC., under the guidance of 32-year-old Joseph Francis, are experts in enticing, coercing, and/or

persuading young, under-aged girls into being photographed in various stages of nudity. Many times the girls are not aware that the photographs, film, and video will be used for commercial purposes, to-wit: to be compiled into videotapes and DVDs, and various advertising purposes to be sold around the world. Likewise, many of the victims are not aware that their likenesses will be used to advertise the Girls Gone Wild products.

12.

Upon information and belief, during April or May, 2001, plaintiff LINDSEY BULLARD, a 15-year-old teenager, was on a chaperoned vacation in Florida.

13.

Unbeknownst to the chaperones or to the plaintiff's parents, LINDSEY BULLARD encountered either Joseph Francis or one of his agents or employees. They persuaded or coerced the underage MS. BULLARD into showing them her breasts, whereupon they then recorded photographs and video.

14.

At no time did plaintiff BULLARD know that the men who photographed her were connected with the *Girls Gone Wild* organization.

15.

At no time did plaintiff BULLARD know that the photograph of her would be used in the Girls Gone Wild videos, DVDs or for it's advertising and promotion.

16.

At no time did MS. BULLARD give her consent for her photograph, video, or likenesses to be used in the Girls Gone Wild or any other commercial or private use.

17.

The defendants MRA HOLDINGS and MRA FILMS used the photographs and videos of plaintiff LINDSEY BULLARD in a videotape known as "<u>Girls Gone Wild, Get Educated, College Girls Exposed, Volumes I and II, Raw, Real, Uncut, Uncensored</u>".

18.

The then fifteen-year-old, BULLARD's photograph appears on the cover of the videos and DVDs for advertising and promotional purposes.

19.

At no time did the plaintiff, LINDSEY BULLARD, consent for the defendants or anyone else to use her likeness for advertising purposes.

20.

All of the defendants knew or should have known that the child, LINDSEY BULLARD, was under age.

21.

Georgia has a public policy to protect children from exploitation such as the acts of the Defendants in this case.

## COUNT I

22.

Plaintiff re-alleges paragraphs 1 through 21 in Count I as if fully set forth herein.

23.

The Girls Gone Wild videotape, which is the subject matter of this action, predominantly appeals to the prurient interest, a shameful interest in nudity and sex.

24.

The Girls Gone Wild videotape and DVD described above lacks any serious literary, or artistic, political, or scientific value.

25.

The defendant, MRA HOLDINGS and MANTRA FILMS knew or should have known that plaintiff LINDSEY BULLARD was an under-aged child.

26.

Defendant MEDIA PLAY knew or should have known that the advertising photograph on the front of the Girls Gone Wild videotape and the contents, which is the subject matter of this action, was an under-aged child.

27.

Defendants MRA HOLDINGS and MRA FILMS, INC., by and through their agents and employees, persuaded, induced, coerced or enticed the minor plaintiff to display sexually explicit conduct, to-wit: exposing her breasts. Unbeknownst to the plaintiff, the purpose of the coercion was to use the likeness of the child in the Girls Gone Wild videotapes and to advertise the Girls gone Wild videotapes.

28.

Defendant MEDIA PLAY sells the visual depiction of the plaintiff with her bare breasts for profit and to advertise the Girls Gone Wild videotape. Defendant MEDIA PLAY uses the picture of the underage Plaintiff to promote the sale of the tape. Defendant MEDIA PLAY, INC., knew or should have known that they were selling videotapes with an under-aged minor on the cover.

29.

Defendant MEDIA PLAY knew or should have known that the child on the front of the videotape/DVD described above could not have legally consented for her likeness to be used for such purposes.

### COUNT II- Exploitation of Children

30.

The plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

31.

The defendants knowingly distributed obscene materials, to-wit: a child in a state of partial nudity, a product specifically designed for sexual arousal and sexual stimulation.

### COUNT III

### APPROPRIATION OF PLAINTIFF'S LIKENESS FOR COMMERCIAL PURPOSES

32.

Plaintiff realleges paragraphs 1 through 31 as if fully set forth herein.

33.

Defendants, separately and collectively, used the pictures of the plaintiff, at the time 15-year-old LINDSEY BULLARD, to advertise the *Girls Gone Wild —*

*Get Educated – College Girls Exposed – Volume I and II, Raw, Real, Uncut, Uncensored.*

34.

The videotapes/DVDs sold contain the warning, "Warning, contains nudity and sexual situations. Parental discretion is strongly advised."

35.

The underage Plaintiff's likeness is used to promote and sell designed for sexual pleasure.

36.

The defendant, collectively and individually, never sought, or received consent by the plaintiff, either expressed or implied, to use her likeness in the advertisement or promotion of the above-mentioned video/DVD.

37.

Upon information and belief, the defendants netted millions of dollars of sales and gross profits on the above-mentioned tapes.

38.

All of the defendant, both individually and collectively, have benefited from the use of LINDSEY BULLARD images and use of her likeness.

39.

The defendants have breached LINDSEY BULLARD's privacy in that they wrongfully appropriated the plaintiff's likeness to the defendant's advantage.

40.

The defendants collectively and individually knowingly created, produced, published, distributed, and sold likenesses, photographs, video of the minor plaintiff's body engaged in sexual conduct.

## DAMAGES

41.

The Plaintiff realleges paragraphs 1 through 40 as if fully set forth herein.

42.

The defendants have profited millions of dollars using the likeness, photographs, and video of the plaintiff. The defendants should be disgorged of their ill-gotten gain.

42.

The plaintiff was harmed physiologically, emotionally, and mentally by the acts of defendants.

43.

The sexualization and eroticization of the underage plaintiff by the photographic and video images has had a dilatarious effect on the plaintiff as well

as her family. She has been the object of ridicule and embarrassment. She was forced to change schools on several occasions. She was ridiculed and subject to harsh treatment by her educators, as well as her peers in the school system as a result of the publishing of her picture on the cover of the Girls Gone Wild videotapes.

44.

The defendants are liable for punitive damages due to their wanton, willful, and callous disregard for the obvious age of the child whose visual depictions are being used by the defendants for profit. The punitive damages are further warranted because the defendants MRA HOLDINGS and MRA FILMS, INC. and MEDIA PLAY, have provided a tool that can be used by pedophiles and child sexual abusers to stimulate and wet their pedophilic sexual appetites. Punitive damages are further warranted because the videotape containing sexually charged child nudity desensitizes viewers to sexual abuse and exploitation of children.

45.

The Plaintiff sales corporation for use of her likeness.

WHEREFORE, the plaintiff prays:

A.  For judgment in favor of the plaintiff.

B.  For compensatory and special damages in an amount to be determined through discovery at trial.

C. For punitive damages in an amount to be determined at trial.

D. For the defendants' ill-gotten profits to be disgorged.

E. For injunctive relief- to enjoin the Defendants from using the image and likeness of Lindsey Bullard.

F. For other relief as the Court deems just and proper.

Respectfully submitted this 7th day of July 2004

_____
Jeff Banks
Attorney for Plaintiff
Georgia Bar No.: 005445

_____
Sarah Riedel
Georgia Bar No.: 266330

BANKS AND RIEDEL
1301 Shiloh Road, Suite 1820
Kennesaw, Georgia 30144
678-797-6364

CyberSecretaries
www.youdictate.com
Job Number: 04152-001
Billed Word Count: 1743

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties in the foregoing matter with the foregoing Notice of Removal Pursuant to 28 U.S.C. §§ 1332 and 1441 by depositing a copy of same in the United States Mail, with adequate postage thereon, properly addressed as follows:

>Jeff Banks
>Sarah Riedel
>Banks & Riedel
>1301 Shiloh Road
>Suite 1820
>Kennesaw, Georgia  30144

This 18th day of August, 2004.

_____
J. SCOTT CARR