IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LINDSEY BULLARD,
   Plaintiff,

-vs-
                                      CIVIL ACTION #
                                      1:04-CV-2407 (JEC)

MEDIA PLAY, INC.,
MRA HOLDING, LLC,
and MANTRA FILMS, INC.,
   Defendants.

## MOTION TO STRIKE DECLARATION OF JOSEPH FRANCIS
(with authorities)

COMES NOW LINDSEY BULLARD, named as Plaintiff herein, and brings this, Plaintiff's Motion To Strike Declaration Of Joseph Francis (with authorities) as follows:

1.

F.R.Civ.P. Rule 12 permits the court to strike any pleading that contains "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter" on the motion of a party within twenty (20) days of service of the pleading or *sua sponte*.

2.

The Declaration of Joseph Francis is a self-serving declaration, contradicting his deposition testimony and contains legal conclusions and expert opinions and he has not been qualified as an expert witness.

3.

Joseph Francis is the owner of MRA Holding, LLC and Mantra Films, Inc. Paragraph 2 of the Declaration of Joseph Francis states that MRA "edits and assembles video footage in various public places to create videotape based on the theme or concept selected by Francis.

4.

On June 8, 2005, Francis testified "I don't know," when asked what MRA Holding, LLC does.

5.

His declaration on July 13, 2005 directly contradicts his sworn testimony.

6.

In paragraph 3, Francis claims to have "learned" that "attractive young women commonly consent to be photographed and videotaped in various states of undress in exchange for a token payment ..."

7.

Plaintiff first objects that the declaration of what he "learned" is without sufficient factual predicate and lacks the foundation to be competent evidence.

8.

In paragraph 4, Francis states that, "[a]lthough public nudity is illegal in most or all such locations, I have found that local law enforcement authorities typically tolerate the practice because of the enjoyment it gives those who engaged (sic) in it …" He further states that "some condemn this phenomenon, the practice has become so common and widespread that many Americans regard it is nothing short of a tradition."

9.

Plaintiff objects that Francis is not an authority on what local law enforcement officials tolerate. In fact, Francis is currently under indictment in Florida for numerous counts of photographing sexual activity of minors including sexual performance of children, child prostitution and illicit drug use, etc.

10.

At his deposition, Francis refused to answer questions regarding those charges and he refused to assert a privilege. He merely stood mute.

11.

Given his multiple count indictment regarding nudity and sex, and given that some of the Mantra Films employees were indicted along with him, it is nothing more than a self-serving declaration to assert that he is an expert in what law enforcement officials will tolerate.

12.

Additionally, while he may characterize line of sexually explicit tapes that he sells, which contain masturbation, oral sex, flashing, nudity and young girls in various stages of undress simulating sexual activity to be a tradition, he can provide no factual foundation that men purchase his product for anything other than to satisfy their prurient interests.

13.

In paragraph 5, Francis states that, after discovering this "phenomenon" [more aptly described that some men have a prurient interest in and will purchase videos with sexual content], it is with pride that he believes that he discovered that there was a market for pornography. This has no probative value to the instant case.

14.

In paragraph 6, Francis states that MRA employees edited and assembled the video which is the subject matter of this action and he

characterized it as a documentary. First, he contradicts his testimony his deposition, where he testified that he, as the sole owner of MRA had no idea what MRA does.

15.

Francis claims that "Girls Gone Wild – College Girls Exposed" is a documentary in paragraph 6. Yet, in paragraph 7, he states that "Girls Gone Wild – College Girls Exposed" is an expressive work, like a motion picture. It would seem self-explanatory that a documentary and expressive work are mutually exclusive of one another. Even so, there is no foundation that Francis has the expertise, such as a degree in journalism, to render him an expert on what is or is not a documentary or expressive work.

16.

In paragraph 8, Francis describes the videotape and its location. First, the tape speaks for itself. It id undisputed that Francis was not present when the video was shot and it is his mere interpretation of the video segment which is not probative and is not competent evidence.

17.

In paragraph 9, Francis adds his commentary for the video tape, specifically that the women are "heavily adorned with beads that they apparently have obtained through their participation in this tradition." First,

this is mere speculation and, therefore, irrelevant. In fact, Lindsey Bullard testified that she received all of the beads that she was wearing by people throwing them at her or by picking them up.

18.

In paragraph 11, he claims that the image of Bullard on the video is exactly the same image as appears in the video, except that the words, "'Get Educated!' obscure Bullard's exposed breasts." Again, not only do the videotape and the box cover speak for themselves, he apparently has not looked at them closely. The image of Bullard on the cover is against a blue backdrop minus the background of her in the motel parking lot.

19.

Finally, paragraph 12 states that, "prior to initiating the instant litigation against MRA and Mantra Films, Bullard never attempted to contact MRA or Mantra Films regarding the use of her image in *Girls Gone Wild*." Again, this is a self-serving statement because a mere thirty-five (35) days before his declaration, Francis testified that he recalled the letter and conversations with Bullard's attorney.

WHEREFORE, for the within and foregoing reasons, this Court is authorized to strike the Declaration of Joseph Francis.

This 7th day of August, 2005.

/S/
_____
Jeff Banks
Attorney for Plaintiff
GA Bar No.   005445

BANKS & RIEDEL
1301 Shiloh Road, Ste. 1610
Kennesaw, Georgia   30144
(678) 797-6364

I certify that the foregoing pleading is presented in Times New Roman 14pt
In accordance with LR 7.1

_____
Jeff Banks

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LINDSEY BULLARD,
    Plaintiff,

-vs-                      CIVIL ACTION #
                         1:04-CV-2407 (JEC)

MEDIA PLAY, INC.,
MRA HOLDING, LLC,
and MANTRA FILMS, INC.,
    Defendants.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the foregoing MOTION TO STRIKE DECLARATION OF JOSEPH FRANCIS (with authorities) upon counsel for the Defendants by placing a copy of the same in the United States Mail with adequate postage affixed and addressed to wit:

        Nicole Day, Esq.
        J. Scott Carr, Esq.
      WARGO & FRENCH, LLP
      1170 Peachtree Street
          Suite 2020
      Atlanta, Georgia 30309

This 7th day of August, 2005.

/S/

_____
Jeff Banks
Attorney for Plaintiff
GA Bar No.   005445

BANKS & RIEDEL
1301 Shiloh Road, Ste. 1610
Kennesaw, Georgia   30144
(678) 797-6364

L.R. 7.1 Certification

I certify that the foregoing Brief in Support of Motion for Summary Judgment complies with the Local Rule 5.1 for the Northern District by being prepared in a Times New Roman font of not less than a size 14.

This 7th day of August, 2005.

/S/

_____
Jeff Banks
Attorney for Plaintiff
GA Bar No.   005445