IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**LINDSEY BULLARD,**
    **Plaintiff,**

-vs-                                          CIVIL ACTION #
                                              1:04-CV-2407 (JEC)

**MEDIA PLAY, INC.,**
**MRA HOLDING, LLC,**
**and MANTRA FILMS, INC.,**
    **Defendants.**
_____

**PLAINTIFF LINDSEY BULLARD'S RESPONSE TO
MRA HOLDING, LLC'S AND MANTRA FILMS, INC.'S
STATEMENT OF UNDISPUTED MATERIAL FACTS**

COMES NOW Lindsey Bullard, named as Plaintiff herein, by and through her counsel, and brings this, Plaintiff Lindsey Bullard's Response To MRA Holdings, LLC's and Mantra Films, Inc.'s Statement of Undisputed Material Facts, as follows:

1.

Admitted.

2.

Denied. Joe Francis is MRA, as is noted in undisputed fact number 1. Francis testified that he did not know what MRA does. Francis depo P. 5 L. 16-17.

3.

Denied. Plaintiff objects to Francis testimony about what he "learned" It would be more accurately described as his perception and thus has no probative value. There is no factual foundation for what Francis learned.

Joe Francis pretends that his video series portrays "attractive young women (who) commonly consent to be photographed in various stages of undress." In fact, some of the Girls Gone Wild tapes have young girls engaged in oral sex or simulating the act of oral stimulation of the female genitalia and simulating masturbation. Francis Deposition, Page 52, Lines 8 through 12 and 19 through 23. Further, there is no foundation and it is mere speculation that consent to be photographed in exchange for costume jewelry. He purports to be an expert yet he has does not qualify.

4.

Denied. Francis appears to purport to be an expert on what law enforcement will "tolerate". This is simply disingenuous inasmuch as Francis is currently under indictment in Bay County Florida (Panama City) Florida for photographing underage girls in various stages of undress and sexual situations, both simulated and real. Nor is there any foundation that

Francis qualifies to testify that law enforcement does not enforce the law for economic benefit.

5.

Plaintiff denies the prurient interest in sex that causes some men to purchase sexually explicit videos is a phenomenon that Francis discovered.

6.

Denied. Francis testified that he did not know what MRA does. Francis depo P. 5 L. 16-17.  Francis claims that the film is a documentary and an expressive work.  Documentaries and expressive works would necessarily be exclusive of one another.  Second, it is not a documentary or expressive work as defined in the rebuttal affidavit of Ruggles, a retired journalist. Exhibit 10, Ruggles Affidavit. Francis does not have the expertise to make such an opinion   The declaration that the photograph on the cover of the video and on the television commercials does not promote the sale of any products or services flies in the face of reality and is a legal conclusion.

7.

Denied insofar as that Francis declares a hotel parking lot to be a public parking lot.  Bullard's Deposition, Page 17, Line 1 merely says "Male, both male."  However, she was in a hotel parking lot, Bullard Deposition, Page 16, Line 18.  Accordingly, this is a complete

mischaracterization of Plaintiff's deposition testimony.  The conclusion by Francis that it was a public parking lot is mere conjecture.

8.

Denied that it was a public parking lot.  The only evidence was that the parking lot was a hotel parking lot.  Bullard Deposition, Page 16, Line 18.  The men did not ask Bullard to expose her breasts to the video camera.  Bullard merely testified that they "asked us to show our boobs or whatever."  Bullard Deposition, Page 18, Lines 9 through 11.  Just as in number 7, Defendants embellish Bullard's testimony.

9.

The video speaks for itself.  It is improper for Francis to testify about its contents.

10.

The video tape speaks for itself

11.

Denied insofar as it implies that Bullard was wearing a number of plastic beaded necklaces as a result of exposing her breasts.  In fact, it was the only time she had ever exposed her breasts (Bullard Deposition, Page 72, Lines 1 through 6) and the other beads were given to her by friends, thrown

at her and merely picked up off of the ground by Bullard.  Bullard Deposition, Page 71, Lines 15 through 22.

12.

Again, Defendants completely mischaracterize Plaintiff's testimony and the fact is denied.  Further denied that "she did not express any concern about how her image of her exposing her breasts would be used".  The Defendant cites Bullard Deposition, Page 52, Lines 18 through 23.  In lines 18 through 23, she was merely relating what she told her father when he asked about it months later that she did not know she was going to be on a video and that she did not know that it was going to be used for any commercial purpose.

13.

Bullard admits that she is not identified by name in the video and does not appear elsewhere in the video.  She admits that other than being on the cover, she only briefly appears on the video itself. Denied insofar as the Declaration of Francis concludes that the beads worn by all the women were obtained by "participation in this tradition."  First, Francis would have no personal, firsthand knowledge of how the women would obtain their beads inasmuch as he was not present at the time.  Second, Bullard specifically testified that she got the beads from people just throwing them at her or

picking them up off the ground.  Bullard Deposition, Page 71, Lines 15 through 22.

14.

Denied.  In addition to being distributed through third parties, it was sold through Manta Film's website, Deposition of William Dreker, Page 22, Line 25; Page 23, Line 1.  Plaintiff admits that Bullard is on the cover of the Girls Gone Wild video at issue in this case.  However, Bullard denies that he image does no more than preview and communicate the contents of the video or that Bullard does not appear to be endorsing Girls Gone Wild videos or any other products or services.

15.

Denied.  The conclusory and self-serving Declaration of Joseph Francis is an attempt at an opinion that he has not been qualified to give.  Further, his conclusions would be suspect, given that he swore at his deposition that his videos depicting masturbation and oral sex are not sexually explicit.

16.

Denied.  Again, Defendant is grossly mischaracterizing the evidence or Francis is not certain of what he testifies to from one moment to the next.  Prior to the filing of this litigation, Counsel for Plaintiff did contact the

Defendants. Francis Deposition, Page 24, Lines 12 through 23. Additionally, he was contacted by letter and phone. Francis Deposition, Page 24, Line 23. Francis responded via email, Page 24, Line 22. Francis proclaimed at his deposition, "I can't believe you actually sued me after I sent you the - - I thought I helped you out and saved you some time," Francis Deposition, Page 50, Lines 3 through 5 and "… I can't believe you'd be that dumb." Francis Deposition Page 50, Line 8.

17.

Bullard admits that she was 14 years old at the time that she was videotaped and prior to that, she had not worked as an actress or model. At present, she not only works as an assistant in a beauty salon, but she is also a student in a cosmetology school. Lindsey Bullard Deposition, Page 10, Line 4.

This 5th day of August, 2005.

          __/s/_____
          Jeff Banks
          Attorney for Plaintiff
          GA Bar No.   005445

BANKS & RIEDEL
1301 Shiloh Road, Ste. 1610
Kennesaw, Georgia   30144
(678) 797-6364

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**LINDSEY BULLARD,**
    **Plaintiff,**

-vs-                                                      CIVIL ACTION #
                                                                       1:04-CV-2407 (JEC)

**MEDIA PLAY, INC.,**
**MRA HOLDING, LLC,**
**and MANTRA FILMS, INC.,**
    **Defendants.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the foregoing PLAINTIFF LINDSEY BULLARD'S RESPONSE TO MRA HOLDINGS, LLC'S AND MANTRA FILMS, INC.'S STATEMENT OF UNDISPUTED MATERIAL FACTS upon counsel for the Defendants by placing a copy of the same in the United States Mail with adequate postage affixed and addressed to wit:

                Nicole Day, Esq.
                J. Scott Carr, Esq.
            WARGO & FRENCH, LLP
              1170 Peachtree Street
                    Suite 2020
              Atlanta, Georgia   30309

This 7th day of August, 2005.

/S/

_____
Jeff Banks
Attorney for Plaintiff
GA Bar No.   005445

BANKS & RIEDEL
1301 Shiloh Road, Ste. 1610
Kennesaw, Georgia   30144
(678) 797-6364

L.R. 7.1 Certification

I certify that the foregoing Brief in Support of Motion for Summary Judgment complies with the Local Rule 5.1 for the Northern District by being prepared in a Times New Roman font of not less than a size 14.

This 7th day of August, 2005.

/S/

_____
Jeff Banks
Attorney for Plaintiff
GA Bar No.   005445