IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LINDSEY BULLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | NO. 1:04-CV-2407 (JEC) |
| | ) | |
| MEDIA PLAY, INC., | ) | |
| MRA HOLDING, LLC, and | ) | |
| MANTRA FILMS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MRA HOLDING, LLC AND MANTRA FILMS, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO STRIKE UNTIMELY EXPERT
<u>DESIGNATION AND REPORT OF ROBERT M. RUGGLES</u>**

**I.   Introduction**

This is a lawsuit alleging appropriation of likeness for commercial purposes by a woman who knowingly and voluntarily exposed herself to a stranger operating a video camera on a public street during Spring Break in Panama City Beach, Florida. On July 8, 2005, Defendants MRA Holding, LLC and Mantra Films, Inc. ("Defendants") and Plaintiff filed cross-motions for summary judgment. On August 8, 2005, the parties filed their respective oppositions. Filed with Plaintiff's opposition was an expert designation and report of purported expert

Robert M. Ruggles. Plaintiff's disclosure of this purported expert is untimely under the local rules of this Court. Accordingly, the Court should strike Plaintiff's submission from Mr. Ruggles.

Plaintiff originally filed her lawsuit on July 7, 2004 in the Fulton County Superior Court. Defendants timely removed this action to this Court on August 8, 2004. MRA and Mantra later filed their answers on August 25, 2004. The original deadline to complete discovery was January 24, 2005. The discovery deadline was extended two times upon agreement of the Parties and approval by the Court resulting in a total of ten months for discovery: first to April 22, 2005 and finally until June 24, 2005. The final deadline for filing dispositive motions was July 14, 2005. Nearly one and one-half months after the close of the discovery period (which had already been extended five months beyond the original deadline), on August 8, 2005, Plaintiff electronically filed a Rule 26 Expert Disclosure and the accompanying report of Mr. Ruggles. This was the first time that Plaintiff had ever mentioned an expert despite Plaintiff's discovery seeking the identity of experts and despite Plaintiff's duty to disclose experts in advance of the close of discovery.

## II.   Argument and Citation of Authority

Plaintiff's expert designation and report is untimely. Local Rule 26.2C requires that expert designations be made before the close of discovery and provides as follows:

> Any party who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery.
>
> Any party who has not complied with the provisions of the foregoing paragraph shall not be permitted to offer the testimony of the party's expert, unless expressly authorized by Court Order based upon a showing that the failure to comply was justified.

LR26.2C, N.D. Ga.

Plaintiff made her untimely expert disclosure one and one-half months after the close of a ten-month discovery period (which had already been extended twice), three weeks after the deadline for the filing of dispositve motions and thirteen months after the filing of the Complaint. Under Local Rule 26.2C, the Court should strike the expert disclosure and report. See, *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1194 (N.D. Ga. 2005); *APA Excelsior III, LP v. Windley*, 329 F. Supp. 2d 1328, 1338 (N.D. Ga. 2004); *Cooper v. Southern Co.*, 213 F.R.D. 1683, 1687 (N.D. Ga. 2003). As established by the foregoing

cases, the courts in this district follow the recognized policy of the federal courts that late expert witness disclosures will not be tolerated. *Trilogy Comms,, Inc. v. Times Fiber Comms., Inc.,* 109 F. 3d 739 (Fed. Cir. 1997); *Miksis v. Howard,* 106 F. 3d 754 (7th Cir 1997). This federal policy especially holds true when the discovery deadline has passed. *Furlong v. Circle Line Statue of Liberty Ferry,* 902 F. Supp. 65, 67 (S.D.N.Y. 1995).

There is no justification for Plaintiff's untimely disclosure. The issues addressed by the Ruggles report have been issues in this action from the beginning. Indeed, as disclosed in Mr. Ruggles' report, he submitted a similar report in the case *Gritzke v. MRA Holding, LLC,* Case No: 4:01-CV-495-RH, 2002 WL 32107540 (N.D. Fla. March 15, 2002). (Docket No. 42.) Based on the filings in this case, Plaintiff was well aware of *Gritzke* and Mr. Ruggles sufficiently in advance of the close of discovery to have made a timely expert disclosure. Further, Defendants raised First Amendment issues in this case from the outset. For example, in their amended answer, filed on November 2, 2004, Defendants raised a First Amendment defense (second defense) and the defense that the work at issue is an expressive work for entertainment purposes (fourth defense). (Docket No. 13.) Even prior to the amended answer, on September 24, 2004, in both the Joint Preliminary Report (also signed by Plaintiff's counsel) and in their

Initial Disclosures, Defendants raised the First Amendment issue and the fact that the work at issue is an expressive work for entertainment purposes. (Docket Nos. 5 and 7.) In their initial disclosures, Defendants also identified the relevant case law discussing these same issues. (Docket No. 5.) Plaintiff was unquestionably aware of Defendants' contentions at the earliest stage.

In addition, prior to the untimely August 8, 2005 expert disclosure - - well after the close of the ten-month discovery period -- Plaintiff had never identified any experts. In her Initial Disclosures, untimely served on November 19, 2004, Plaintiff stated that no experts had been retained.[1] (Copy attached hereto as Exhibit A.) Plaintiff has never supplemented the initial disclosures despite a duty to do so. Likewise, on November 19, 2004, in response to Defendants' Interrogatory No. 24, which specifically asks for information that must be disclosed under Rule 26, Plaintiff again did not identify any experts, and again, Plaintiff has never supplemented this response despite a duty to do so. (Copy of responses attached hereto as Exhibit B.)

Plaintiff had ten months to identify experts yet waited until well after the close of discovery to attempt to do so. This inordinate and improper delay is completely inexcusable. Plaintiff was fully aware of the issues addressed by Mr.

---

[1] Plaintiff's untimely filing of her Initial Disclosures, combined with her untimely expert disclosure, demonstrates a clear disregard of this Court's local rules.

Ruggles well in advance of August 8, 2005, well in advance of the discovery deadline of June 24, 2005 (after 10 months of discovery), well in advance of the original discovery deadline of January 24, 2005 and likely in advance of the July 7, 2004 filing date of the Complaint. Plaintiff has absolutely no justification whatsoever for the untimely disclosure of this purported expert. Accordingly, Defendants respectfully request that the Court strike the expert disclosure and report of Robert M. Ruggles and not consider it at any time during this case.

## III. Conclusion

Based on the foregoing, Defendants respectfully request that the Court grant their Motion to Strike in its entirety.

This 2nd day of September, 2005.

s/ J. Scott Carr
J. SCOTT CARR
Georgia Bar No. 111892
NICOLE L. DAY
Georgia Bar No. 213893

WARGO & FRENCH LLP
1170 Peachtree Street, N. E., #2020
Atlanta, Georgia 30309
(404) 853-1500
(404) 853-1501 (facsimile)     Attorneys for Defendants
                                MRA Holding, LLC and Mantra Films, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LINDSEY BULLARD,          )<br>                           )<br>   Plaintiff,             )<br>                           )<br>v.                         )<br>                           )<br>MEDIA PLAY, INC.,          )<br>MRA HOLDING, LLC, and      )<br>MANTRA FILMS, INC.,        )<br>                           )<br>   Defendants.            )<br>_____) | CIVIL ACTION FILE<br>NO. 1:04-CV-2407 (JEC) |

## **RULE 7.1(D) CERTIFICATE**

The undersigned counsel certifies that MRA Holding, LLC and Mantra Films, Inc.'s Memorandum of Law In Support of Motion to Strike Untimely Expert Designation and Report of Robert M. Ruggles has been prepared in 14 point Times New Roman font in accordance with Local Rule 5.1(B).

                                                                  s/ J. Scott Carr
                                                                  J. SCOTT CARR
                                                                 Georgia Bar No. 111892

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LINDSEY BULLARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE |
| v. | ) NO. 1:04-CV-2407 (JEC) |
| | ) |
| MEDIA PLAY, INC., | ) |
| MRA HOLDING, LLC, and | ) |
| MANTRA FILMS, INC., | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed MRA Holding, LLC and Mantra Films, Inc.'s Memorandum of Law In Support of Motion to Strike Untimely Expert Designation and Report of Robert M. Ruggles using the CM/ECF, which will automatically send email notification of such filing to the following attorneys of record:

Jeff Banks, Esq.
BANKS & RIEDEL
1301 Shiloh Road, Suite 1610
Kennesaw, Georgia 30144

This 2nd day of September, 2005.

s/ J. Scott Carr
J. SCOTT CARR